IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| PCS SOFTWARE, INC. | § § | |
| *Plaintiff* | § § | Civil Action No. 4:23-cv-108 |
| DISPATCH & SERVICES, INC. | § § | |
| *Defendant* | § § | |

**DEFENDANT DISPATCH & SERVICES, INC'S SURRESPONSE TO PCS'S REPLY IN SUPPORT OF ITS POST-TRIAL BRIEF**

Defendant Dispatch & Services, Inc. ("Dispatch") raised the unenforceable liquidated damages clause defense at a pragmatically sufficient time and PCS was not prejudiced in its ability to respond.

Despite PCS's assertion, raising the defense after PCS filed its motion for summary judgment and after discovery closed is not fatal. First, the Fifth Circuit "employs a fact-specific analysis when deciding whether the plaintiff was unfairly surprised." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *see also Std. Waste Sys. v. Mid–Continent Cas. Co.*, 612 F.3d 394, 398 (5th Cir. 2010) (excusing the failure to plead an affirmative defense because it did not result in unfair surprise or prejudice to the opposing party).

Second, the Fifth Circuit has found no waiver when looking "at the overall context of the litigation[,]" and there was sufficient time to respond to the defense before trial. *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019) (quoting *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009)).

Third, the Fifth Circuit has repeatedly held that an affirmative defense is properly before the court when raised for the first time in response to a motion for summary judgment. *Ragar Transportation*, 2020 WL 12573284 *2. Citing to *Motion Med. Techs, L.L.C. v. Thermotek, Inc.*,

1

875 F.3d 765, 772 (5th Cir. 2017) (listing examples). *See also Bradberry v. Jefferson County*, 732 F.3d 540, 553 (5th Cir. 2013) (holding that the affirmative defense raised in the defendant's response was not waived where the plaintiff filed a reply and "had the opportunity to respond and made no objection"); *Word of Life Church of El Paso v. State Farm Lloyds*, EP-17-CV-00049-DCG, 2017 WL 9292185, at *1 (W.D. Tex. Nov. 8, 2017) (reasoning that the affirmative defense raised for the first time in the defendant's *reply* in support of its own motion for summary judgment was not waived in part because trial was still over five months away and the plaintiffs had the opportunity to respond by filing a sur-reply). This Court has also held that allowing the defendant to raise its affirmative defense at the summary judgment phase did not result in an unfair surprise. *Cypress Engine Accessories, LLC v. HDMS Ltd. Co.*, 283 F. Supp. 3d 580, 589 (S.D. Tex. 2017).

Further, even though Dispatch raised its defense that section 2.7.4 is an unenforceable penalty prior to pre-trial orders, the Fifth Circuit has also found that an affirmative defense being raised for the first time in a joint pretrial order, *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 492 (5th Cir.2001), or raised in a pretrial motion in limine over two years after the complaint was filed, *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006), qualified as a pragmatically sufficient time. *See also Vanhoy v. United States*, 514 F.3d 447, 450–51 (5th Cir. 2008) (holding affirmative defense not waived where it was raised for the first time in pretrial motions three months before trial). *See also Knoblauch*, 566 F.3d at 577.

Here, trial was still over four months away when Dispatch raised the liquidated damages defense and put PCS on notice as PCS conceded in its post-trial brief. (Docket Control Entry No. 133 at 2). Dispatch again raised the defense in oral arguments in the motion for summary judgment and again in several pre-trial orders. (Docket Control Entry No. 133 at 2); (Docket Entry No. 79 at 3); (Docket Entry No. 84); (Docket Entry No. 86 at 5); (Docket Entry No. 97 at 4-5); (Docket

2

Entry No. 97-1 at 7). As further evidence that PCS was not unfairly surprised and had ample opportunity to respond, Dispatch also included the defense of section 2.7.4 being an unenforceable penalty in the Joint Pretrial Order. (Docket Entry No. 88 at 3). Having ample opportunity to respond in the months leading up to trial, PCS never filed any objections to Dispatch's defense. PCS never responded to Dispatch's defense or argued waiver in a memorandum of law. PCS never responded to the penalty defense in PCS's Proposed Findings of Fact or Conclusions of Law (Docket Entry No. 89). PCS never filed a response to Dispatch's Memorandum of Law filed a month before trial where Dispatch again raised this defense. Unequivocally, PCS was never denied the opportunity to file any objections or address Dispatch's defense in the four months leading up to trial. Rather, PCS inexplicably chose not to provide any substantive response.

    PCS again fails to identify how discovery closing unfairly prejudiced them in their ability to respond. PCS never asked this Court for additional time to conduct discovery on this defense. Even if PCS was afforded more time for discovery, any information relating to their damages would already be in PCS's possession, not Dispatch's. Regardless, PCS's singular insistence that section 2.7.4 is its only measure of damages offers insight that PCS would not have done anything differently in discovery.

    Therefore, Dispatch raised the unenforceable liquidated damages penalty defense at pragmatically sufficient time and PCS was not prejudiced in its ability to respond.

Date:  May 28, 2025

Respectfully submitted,

**MAYER, LLP**

_(signature)_

Nathaniel R. Martinez
SBN:  24075725
Federal ID 27522
2900 North Loop West, Suite 500
Houston, Texas 77092
Tel: (713) 868-5560
Fax: (713) 864-4671
E-Mail: nmartinez@mayerllp.com
**ATTORNEY FOR DEFENDANT
DISPATCH & SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025 a copy of the foregoing Defendant's Surresponse to Plaintiff's Reply was served upon counsel via ECF.

Ray T. Torgerson
Attorney-in-Charge
Elliott J. Deese
Porter Hedges LLP
1000 Main, 36th Floor
Houston, TX 77002
rtorgerson@porterhedges.com
edeese@porterhedges.com

_(signature)_

Nathaniel R. Martinez

4