United States District Court
Southern District of Texas
**ENTERED**
August 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PCS SOFTWARE, INC., | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-108 |
| DISPATCH & SERVICES, INC., | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

On August 19, 2025, this court issued a Memorandum and Opinion entering findings of fact and conclusions of law in favor of Plaintiff PCS Software, Inc. and against Defendant Dispatch & Services, Inc. (Docket Entry No. 138). The court found that Dispatch owes PCS $1,437,426 as damages for breach of contract. (*Id.* at 34). On August 25, 2025, PCS submitted a proposed Final Judgment that included both postjudgment interest and prejudgment interest. (Docket Entry No. 139). Based on the relevant law, the court concludes that PCS is entitled to postjudgment interest at the rate specified by 28 U.S.C. § 1961 and prejudgment interest at the rate specified by Texas law. PCS must revise its proposed Final Judgment to include the result of calculations based on these interest rates. No later than September 19, 2025, PCS must submit a new proposed Final Judgment consistent with this memorandum and opinion and must circulate it to opposing counsel before filing it with this court.

**I.    Postjudgment Interest**

PCS asks for postjudgment interest accruing at a rate of 7.50% percent per annum from the date the Final Judgment is entered. (Docket Entry No. 139 at 1). Under Texas law, for money

judgments based on breach of a contract that does not specify a postjudgment interest rate, the applicable rate is the prime rate published by the Board of Governors of the Federal Reserve System on the date of computation, as long as the prime rate is above five percent. TEX. FIN. CODE § 304.003. The prime rate is currently 7.50%. *Selected Interest Rates (Daily) – H.15*, BD. OF GOVERNORS OF THE FED. RSRV. SYS., https://www.federalreserve.gov/releases/h15 (last visited August 28, 2025). The Texas Office of Consumer Credit Commissioner lists the postjudgment interest rate for August 2025 as 7.50%. TEX. OFF. OF CONSUMER CREDIT COMM'R, 45 TEXAS CREDIT LETTER NO. 3 (July 16, 2025).

Our caselaw makes clear, however, that "[f]ederal law governs postjudgment interest in federal cases, including diversity cases." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013); *see also Joy Pipe, USA, L.P. v. ISMT Ltd.*, 703 F. App'x 253, 258–59 (5th Cir. 2017). PCS's postjudgment interest rate is governed by 28 U.S.C. § 1961, not Texas law. Under § 1961, postjudgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). For the week in which PCS submitted its proposed Final Judgment, the applicable rate was 3.91%. Because this rate changes each week, PCS is directed to apply the applicable rate when it files its new proposed Final Judgment.

## II. Prejudgment Interest

Unlike postjudgment interest, which is governed by federal law in diversity cases, state law governs PCS's claim for prejudgment interest. *See Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Even when prejudgment interest is not required by statute, "Texas law plainly requires an equitable award of prejudgment interest to a prevailing plaintiff as

a matter of course." *Joy Pipe*, 703 F. App'x at 258; *see also Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996). "[U]nder Texas law an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Bituminous Cas. Corp*, 75 F.3d at 1057 (alteration in original) (quoting *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)). No exceptional circumstances apply. PCS is entitled to prejudgment interest.

"Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract." *Int'l Turbine Svcs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002); *see also Huggins v. Royalty Clearinghouse, Ltd.*, 121 F. Supp. 3d 646, 660 (W.D. Tex. 2015) (stating that in Texas, the prejudgment interest rate is "equal to the postjudgment interest rate applicable at the time of judgment"). Prejudgment interest is computed as simple interest and begins to accrue on the 180th day after the defendant received written notice of the claim or the date the suit was filed, whichever is earlier. TEX. FIN. CODE § 304.104. Prejudgment interest stops accruing on the date before the entry of judgment. *Id*.

PCS has calculated its prejudgment interest as beginning to accrue on January 12, 2023, the date this case was filed. (Docket Entry No. 1; Docket Entry No. 139 at 2). Using a rate of 7.50%, and apparently using a final date of August 25, 2025, PCS calculated the total prejudgment interest due as $282,365.61. (Docket Entry No. 139 at 2). PCS correctly applied the state postjudgment interest rate in calculating prejudgment interest, but PCS will need to update the total number of days on which prejudgment interest has accrued and apply the applicable state postjudgment interest rate for that date (which may still be 7.50%).

**III.   Conclusion**

No later than September 19, 2025, PCS must submit a revised proposed Final Judgment consistent with this memorandum and opinion and circulate it to opposing counsel before filing it with the court. PCS must submit its attorneys' fees application under Rule 54 of the Federal Rules of Civil Procedure no later than September 10, 2025. (Docket Entry No. 138 at 34). Finally, costs of court taxable under 28 U.S.C. § 1920 are taxed against Dispatch under Rule 54. PCS must submit its application for costs no later than September 10, 2025.

SIGNED on August 28, 2025, at Houston, Texas.

_____ *Lee H. Rosenthal*

Lee H. Rosenthal
Senior United States District Judge